**Edward NELLSON, Petitioner,**

v.

**Hon. John H. BAYLY, Jr., et al., Respondents.**

**and**

**In re Sealed Case.**

**Nos. 04–OA–24, 04–SS–512.**

District of Columbia Court of Appeals.

July 22, 2004.

Before SCHWELB, FARRELL, and RUIZ, Associate Judges.

**ORDER**

PER CURIAM.

Petitioner/appellant sought a writ of mandamus directing the trial judge to unseal the records and proceedings in this criminal case because the judge, in ordering that they be sealed, had not complied with the substantive and procedural standards required by the First Amendment. The proceedings in question were the guilty plea of a co-defendant of petitioner; they had been placed under seal at the request of an Assistant United States Attorney, and counsel for petitioner had been excluded from them. In response to the mandamus petition, the United States Attorney, on behalf of the United States and the trial judge, admitted that the exclusion of petitioner's counsel from the proceedings in the co-defendant's case did not satisfy First Amendment standards, and requested that the case be remanded so that the record could be immediately unsealed. Accordingly, this court denied the mandamus petition without prejudice to refiling, and remanded the case to the trial court so that the record could be unsealed.

Petitioner has now moved for reconsideration of the denial, asking not that the result be changed but that the denial of the writ be accompanied by an opinion explaining the relevant legal principles. Petitioner asserts that, unlike many other courts, "this court has never set forth procedures implementing the public's quali-

fied First Amendment right of access to criminal proceedings and records." (Mot. to Reconsider at 12). Of course, that is not quite true because, as petitioner recognizes, the court's decision in *United States v. Edwards*, 430 A.2d 1321 (D.C.1981) (en banc), gave critical guidance on the standards governing public access to criminal proceedings and records. *See id.* at 1343–46. The fact that, as petitioner asserts, we have not revisited those standards—in particular their application to the issue of closure of a courtroom in a criminal case—in a published opinion may reflect only the fact that in intervening years the Supreme Court has given even more explicit and authoritative guidance on the standards and procedures governing the limited authority of courts to restrict public access.[1] *See, e.g., Press–Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 14–15, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) (to justify closure of a protected judicial proceeding, the trial court must find that closure serves a compelling interest; that in the absence of closure there is a "substantial probability" that this compelling interest would be harmed; and that there are no alternatives that would adequately protect that compelling interest); *accord, Press–Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980).

In the present case, the parties no longer dispute the application of these standards, and the trial judge, although originally misled in their application, has changed his mind and ordered the unseal-

ing of the record. The representations of the United States in this court give us full confidence that its attorneys will be, if they have not already been, instructed on the strict conditions governing any request to seal a criminal record or to close a criminal courtroom. We therefore adhere to our denial of the petition for mandamus, and, it is

ORDERED that petitioner's motion to reconsider, so far as it seeks a reiteration of the governing standards, is granted to the extent reflected in the discussion contained in this order. It is

FURTHER ORDERED that petitioner's motion is denied to the extent it appears to seek, as before, issuance of a writ of mandamus.

---

[1] This court has considered the issue of access to the courtroom in the different setting of the Family Division. *See, e.g., In re J.D.C.,* 594 A.2d 70 (D.C.1991); *Morgan v. Foretich,* 521 A.2d 248 (D.C.1987).